UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

CHRISTY CANTRELL,   )
   )
       Petitioner,   )
   )
v.   )   Case No. 24-CV-0018-CVE-JFJ
   )
TAMIKA WHITE, Warden,   )
   )
       Respondent.   )

## OPINION AND ORDER

Petitioner Christy Cantrell, a self-represented Oklahoma prisoner,[1] petitions for a writ of habeas corpus, under 28 U.S.C. § 2254, claiming that she is unlawfully detained under the judgment entered against her in Tulsa County District Court Case No. CF-2014-3985. Respondent Tamika White moves to dismiss the petition, asserting that Cantrell did not file the petition within 28 U.S.C. § 2244(d)(1)'s one-year statute of limitations. Respondent asserts, in the alternative, that the petition should be dismissed because Cantrell did not exhaust available state remedies, as required by 28 U.S.C. § 2254(b)(1)(A). Cantrell did not respond to the motion to dismiss and the time to do so has expired. Having considered the petition (Dkt. # 1), the motion to dismiss (Dkt. # 6) and brief in support (Dkt. # 7), the record of state court proceedings, and applicable law, the Court finds that the petition is untimely, concludes that the motion to dismiss shall be granted, and dismisses the petition as barred by the statute of limitations.[2]

---

[1] Because Cantrell appears without counsel, the Court liberally construes her filings, but the Court does so without crafting legal arguments on her behalf. Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).

[2] Because the Court concludes that the statute of limitations bars relief, the Court does not address respondent's alternative request to dismiss the petition for failure to exhaust available state remedies.

## I.

The Antiterrorism and Effective Death Penalty Act (AEDPA) establishes a one-year statute of limitations for state prisoners seeking federal collateral review of a state-court judgment under 28 U.S.C. § 2254.  The limitations period "run[s] from the latest of" one of four dates:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).  Section 2244(d)(1)(A) provides the most common triggering event for the one-year limitations period, and a habeas petitioner bears some burden to show that a different subsection applies.  See Preston v. Gibson, 234 F.3d 1118, 1120 (10th Cir. 2000) (noting that "[t]he limitations period generally runs from the date on which the state judgment became final after direct appeal" as provided in § 2244(d)(1)(A)); Chavez v. Workman, No. 05-CV-0554-HDC-PJC, 2006 WL 2251718, at *3 (N.D. Okla. Aug. 4, 2006) (unpublished)[3] (reasoning that a habeas petitioner bears some burden to show that the one-year limitations period commenced at some date other than the date his or her judgment became final).

Regardless of which event triggers the commencement of the limitations period, that period is tolled for "[t]he time during which a properly filed application for State post-conviction or other

---

[3] The Court cites all unpublished decisions herein as persuasive authority.  FED. R. APP. P. 32.1(a); 10th Cir. R. 32.1(A).

collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). Federal courts also may toll the limitations period for equitable reasons, Holland v. Florida, 560 U.S. 631, 645 (2010), and may excuse noncompliance with the statute of limitations if the petitioner asserts a credible claim of actual innocence, McQuiggin v. Perkins, 569 U.S. 383, 392 (2013).

## II.

Respondent contends: (1) that the petition is untimely under § 2244(d)(1)(A), even with the benefit of statutory tolling; (2) that Cantrell has not demonstrated any facts or circumstances that would support equitable tolling of the limitations period; and (3) that Cantrell's assertion of factual innocence does not support application of Perkins's equitable exception. Dkt. # 7, at 1-9. For the reasons discussed below, the Court agrees.

## A.

First, the petition is not timely under § 2244(d)(1)(A).[4] Under that provision, the one-year limitations period begins to run on the date that the challenged state-court judgment becomes final. "For petitioners who pursue direct review all the way to [the United States Supreme] Court, the judgment becomes final at the 'conclusion of direct review'—when [the Supreme] Court affirms a conviction on the merits or denies a petition for certiorari." Gonzalez v. Thaler, 565 U.S. 134, 150 (2012). "For all other petitioners, the judgment becomes final at the 'expiration of the time for seeking such review'—when the time for pursuing direct review in [the Supreme] Court, or in state court, expires." Id.

---

[4] As respondent contends, Cantrell does not acknowledge that her petition was filed more than one year after her judgment became final. Dkt. # 7, at 6; see Dkt. # 1, generally. Because Cantrell does not describe any facts implicating the triggering events described in § 2244(d)(1)(B), (C), or (D), the Court confines its analysis to § 2244(d)(1)(A).

3

In August 2016, Cantrell, represented by counsel, pleaded guilty to: two counts of first-degree manslaughter; driving under the influence-great bodily injury; driving under suspension; and failure to carry insurance/security information form. Dkt. # 7, at 1-2; Dkt. # 7-1, at 3-4. In her written plea of guilty/summary of facts, Cantrell admitted that she drove under the influence of alcohol on August 9, 2014, that she caused a crash that resulted in the death of two people and resulted in great bodily harm to three other people, and that she was driving with a suspended license and without insurance. Dkt. # 7-2, at 4. The trial court accepted her plea, finding that Cantrell was competent to enter the plea, that she did so knowingly and voluntarily, and that a factual basis existed to support the plea. Id. at 6. On September 30, 2016, the trial court sentenced Cantrell to serve two prison terms of life with the possibility of parole, a twelve-year prison term, and a thirty-day jail term, with all terms to be served concurrently. Dkt. # 1, at 1-2; Dkt. # 7-1, at 14. She did not move to withdraw her plea within ten days of sentencing, a precondition to seeking direct review of her conviction and sentence through a certiorari appeal with the Oklahoma Court of Criminal Appeals (OCCA). Dkt. # 1, at 2; Dkt. # 7-1, at 18-19; see Clayton v. Jones, 700 F.3d 435, 441 (10th Cir. 2012) (discussing appeal process in Oklahoma for defendants who plead guilty and noting that defendant must move to withdraw guilty plea within ten days if defendant intends to appeal). Cantrell's judgment thus became final on October 10, 2016, when the time expired to seek further direct review. Gonzalez, 565 U.S. at 150. Cantrell's one-year limitations period commenced the next day, October 11, 2016, and would have expired on October 11, 2017. Harris v. Dinwiddie, 642 F.3d 902, 906 n.6 (10th Cir. 2011). The Court therefore finds that, absent any tolling events, the petition, filed January 12, 2024, is untimely under § 2244(d)(1)(A).

**B.**

Second, the petition is untimely even with the benefit of statutory tolling. Statutory tolling suspends the one-year limitations period for the "time during which a properly filed application for post-conviction or other collateral review with respect to the pertinent judgment or claim is pending" in state court. 28 U.S.C. § 2244(d)(2). A properly filed application is one that is filed in accordance with all state law procedural filing requirements. Artuz v. Bennett, 531 U.S. 4, 8 (2000); Habteselassie v. Novak, 209 F.3d 1208, 1210-11 (10th Cir. 2000). An application for state postconviction or other collateral review "remains pending until the application has achieved final resolution through the State's postconviction procedures." Lawrence v. Florida, 549 U.S. 327, 332 (2007) (internal quotation marks omitted) (quoting Carey v. Saffold, 536 U.S. 214, 220 (2002)). And the application must be filed within the applicable one-year limitations period. Clark v. Oklahoma, 468 F.3d 711, 714 (10th Cir. 2006).

Cantrell filed an application for postconviction relief on August 28, 2017, and supplemented that application on October 10, 2017. Dkt. ## 7-7, 7-8. By filing the original petition within the one-year limitations period, Cantrell tolled the limitations period. Three years later, the state filed a response, and Cantrell filed a second application for postconviction relief. Dkt. ## 7-9, 7-10. Cantrell's original, supplemented application, and second application were pending in state court until January 2022, when the state district court denied them in two separate orders. Dkt. ## 7-12, 7-13. Cantrell did not perfect a timely postconviction appeal from either order, even after the OCCA granted her permission to file an out of time postconviction appeal. Dkt. # 7, at 4-5; see also Dkt. ## 7-17, 7-18, 7-20. On May 9, 2023, the OCCA entered an order denying Cantrell's second request for leave to file an out of time postconviction appeal. Dkt. # 7-26.

As respondent contends, even if this Court assumes without deciding that Cantrell can benefit from statutory tolling for the entire 2,080 days between August 28, 2017, when she filed the original application for postconviction relief, and May 9, 2023, when the OCCA denied her second request for leave to file an out of time postconviction appeal, her AEDPA deadline expired on June 22, 2023. Dkt. # 7, at 6.[5] But Cantrell did not file the petition until January 12, 2024, over six months after that deadline expired. Thus, unless the limitations period can be extended through equitable tolling or the untimeliness of the petition can be excused under Perkins's actual-innocence exception, the petition should be dismissed as barred by the statute of limitations.

## C.

Third, Cantrell has not shown that the petition should be deemed timely for equitable reasons or that the untimeliness of the petition should be excused under Perkins's equitable exception. A petitioner who seeks equitable tolling bears a "strong burden" to identify specific facts establishing (1) that she diligently pursued her federal claims and (2) that extraordinary circumstances prevented her from filing a federal habeas petition before the one-year limitations period expired. Yang v. Archuleta, 525 F.3d 925, 928 (10th Cir. 2008). As previously stated, Cantrell does not acknowledge that she filed the petition more than one year after her judgment became final, see Dkt. # 1, generally, and she did not file a response to the motion to dismiss to

---

[5] As previously discussed, Cantrell tried but failed to perfect a timely postconviction appeal after the state district court denied her applications for postconviction relief. "[R]egardless of whether a petitioner actually appeals a denial of a post-conviction application, the limitations period is tolled during the period in which the petitioner *could have* sought an appeal under state law." Gibson v. Klinger, 232 F.3d 799, 804 (10th Cir. 2000) (emphasis in original). But, for purposes of statutory tolling, "[t]he state court's grant of leave to appeal out of time cannot erase the time period during which nothing was pending before a state court." Id. The record suggests that there were at least some periods within the 2,080-day period that Cantrell had nothing pending before a state court. Dkt. # 7, at 3-5. But, like respondent, the Court finds it unnecessary to develop a more detailed statutory-tolling timeline because, even granting Cantrell the generous benefit of statutory tolling for the entire 2,080-day period, the petition is not timely under § 2244(d)(1)(A).

explain her position on timeliness after respondent raised the statute of limitations defense. On this record, Cantrell has not met her burden to show either reasonable diligence or extraordinary circumstances, both of which are necessary to obtain equitable tolling.

Cantrell does, however, appear to invoke the actual-innocence exception recognized in Perkins. The Perkins Court held that "actual innocence, if proved, serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar . . . or . . . expiration of the statute of limitations." 393 U.S. at 386. "Also known as the 'miscarriage of justice' exception, the actual-innocence exception applies 'when a petitioner can demonstrate that he is actually innocent of the crime of conviction.'" Pacheco v. Habti, 62 F.4th 1233, 1241 (10th Cir. 2023) (quoting Taylor v. Powell, 7 F.4th 920, 926 (10th Cir. 2021)), cert. denied, 143 S. Ct. 2672 (2023). To show that application of this equitable exception is warranted, a petitioner must "present 'new reliable evidence . . . that was not presented at trial.'" Fontenot v. Crow, 4 F.4th 982, 1032 (10th Cir. 2021) (quoting Schlup v. Delo, 513 U.S. 298, 324 (1995)). And the petitioner must "persuade[] the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find [her] guilty beyond a reasonable doubt." Perkins, 393 U.S. at 386 (alterations added) (internal quotation marks omitted) (quoting Schlup, 513 U.S. at 329). "This standard requires courts to engage in a counterfactual analysis, determining whether a jury confronted with all the evidence now known would still have convicted the petitioner of the crime charged." Taylor, 7 F.4th at 927.

In support of her first three habeas claims, Cantrell alleges that she was not driving the vehicle that caused the deadly crash resulting in her convictions, that she "has consistently alleged her factual innocence throughout the course of the investigation and proceedings," and that she could prove her "factual innocence" if the state district court would grant her request, made under

7

Oklahoma's Postconviction DNA Act, OKLA. STAT. tit. 22, §§ 1373 through 1373.7, for forensic testing of blood swabs obtained from the vehicle's passenger-side airbag and dashboard. Dkt. # 1, at 5-6, 9-10, 12.[6] On the record presented, and for two reasons, the Court agrees with respondent that Cantrell's allegations of "factual innocence" do not support a credible actual-innocence claim. Dkt. # 7, at 7-9. First, Cantrell's guilty plea poses a significant obstacle to the credibility of her actual-innocence claim. In support of her guilty plea, Cantrell submitted a written statement to the trial court admitting that she drove a vehicle under the influence of alcohol and caused a crash that killed two people and greatly injured three other people. Dkt. # 7-2, at 4. The trial court determined that Cantrell entered her guilty plea competently, knowingly, and voluntarily, and that a factual basis existed to support the plea. Id. at 6. At sentencing, Cantrell stated, under oath, that "it was a careless act of [her] to get behind the wheel after drinking and driving and going down the highway at a very high rate of speed." Dkt. # 7-12, at 8. Cantrell also states in her petition that her blood alcohol level, tested after the crash, was 0.18. Dkt. # 1, at 6. Cantrell's admissions, in support of her guilty plea, at sentencing, and in her petition, undermine her assertions that she is factually innocent and that she has consistently maintained her innocence. See e.g., Johnson v. Medina, 547 F. App'x 880, 885 (10th Cir. 2013) ("While [petitioner] claims that his guilty plea

---

[6] In her fourth claim, Cantrell alleges that she is Indian, that she committed her crimes of conviction in Indian country, and that the state had no jurisdiction over her prosecution. Dkt. # 1, at 12-16. Respondent contends that Cantrell's "fourth ground also does not show her actual innocence" because a claim that asserts the absence of jurisdiction in the convicting court implicates legal innocence. Dkt. # 7, at 9. Even applying the rule of liberal construction, the Court does not read Cantrell's arguments in support of the fourth claim as asserting an actual-innocence claim. Nonetheless, to the extent the fourth claim could be so construed, the Court agrees that Cantrell's fourth claim does not support a credible actual-innocence claim. See Pacheco, 62 F.4th at 1244-45 (declining to apply Perkins's equitable exception to permit petitioner's untimely challenge to state's exercise of criminal jurisdiction in Indian country and explaining that the petitioner's "actual-innocence claim is not based on evidence regarding what she did, but on where she did it").

was involuntary and coerced, the state courts rejected that argument, and his plea of guilty simply undermines his claim that another individual committed the crime to which he pled guilty.").

Moreover, as respondent argues, Cantrell's guilty plea is corroborated by other evidence in the record, as found by the state district court in postconviction proceedings. Dkt. # 7, at 7-8. As explained in Fontenot,

> AEDPA's deferential standard of review for claims decided on the merits by a state court, found in § 2254(d), has no application to a gateway innocence assertion, which is an exception to federal procedural obstacles to relief rather than a substantive claim. See Blackmon v. Williams, 823 F.3d 1088, 1101 n.2 (7th Cir. 2016); Sharpe v. Bell, 593 F.3d 372, 378 (4th Cir. 2010). But the presumption of correctness applied to state court factfinding under § 2254(e)(1) does still apply. Therefore, "when a state court has made a factual determination bearing on the resolution of a Schlup issue, the petitioner bears the burden of rebutting this presumption by 'clear and convincing evidence.'" Teleguz v. Pearson, 689 F.3d 322, 331 (4th Cir. 2012) (quoting Sharpe, 593 F.3d at 378); cf. Klein v. Neal, 45 F.3d 1395, 1400 (10th Cir. 1995) (state court factfinding entitled to presumption of correctness in fundamental miscarriage of justice inquiry).

Fontenot, 4 F.4th at 1034-35. In denying Cantrell's request for postconviction DNA testing, the state district court reviewed the preliminary hearing transcript and the sentencing transcript, finding: that one law enforcement officer who responded to the crash testified that Cantrell was "clearly drunk"; that Cantrell told that officer that she "was the only one driving"; that a second law enforcement officer testified that no blood was found on Cantrell or on the driver's side airbag, whereas significant blood was found on the passenger-side airbag; and that the second officer testified that he saw that Cantrell was not wearing any shoes, that he saw a pair of pink flip-flops on the driver's side floorboard, and that he saw that the driver's seat was "pushed up closer to the steering wheel, as if a small-framed person was driving." Dkt. # 7-12, at 3. Considering this evidence, the state district court concluded that "two inescapable facts govern the outcome of [Cantrell's] request: [Cantrell] admitted on the scene to driving the Tahoe that struck Jesus Avina's car, killing Maria and Jaqueline Avina; and the facts presented at the preliminary hearing

9

corroborate [Cantrell's] admission." Id. at 7-8.  The state district court also found that Cantrell admitted under oath at sentencing that she acted carelessly by "get[ting] behind the wheel after drinking," driving, and speeding down the highway.  Id. at 8.  The thus denied Cantrell's request for postconviction DNA testing, reasoning that Cantrell did not "demonstrate[] a reasonable probability that she 'would not have been convicted if favorable results had been obtained through DNA testing at the time of the original prosecution.'"  Id. at 7-9.  The state district court's factual findings are presumed correct and Cantrell's speculation that forensic testing of blood swabs taken from the passenger side of the Tahoe would prove her actual innocence does not constitute clear and convincing evidence to rebut the presumption.  28 U.S.C. § 2254(e)(1).

Viewing the evidence that could have been presented to a jury at trial—and even assuming Cantrell's view that would have included evidence that her blood was found on the passenger side of the Tahoe—the Court finds that the combined force of Cantrell's admissions in support of her guilty plea and the state court's findings regarding other evidence in the record corroborating those admissions supports respondent's position that Cantrell has not presented a credible claim of actual innocence.  See Goosby v. Trammell, 515 F. App'x 776, 777 (10th Cir. 2013) ("Given [petitioner's] guilty plea and his failure to address other evidence that contributed to his plea, he fails to carry the heavy burden" of making the showings necessary to invoke the actual innocence "exception to AEDPA's statute of limitations").

For the reasons stated, the Court thus finds that equitable tolling is not warranted, and that Perkins's equitable exception does not apply.

### III.

Based on the foregoing analysis, the Court concludes that 28 U.S.C. § 2244(d)(1)'s one-year statute of limitations bars relief as to the claims that Cantrell asserts in the petition.  The Court

10

therefore dismisses the petition for writ of habeas corpus, with prejudice. And, because Cantrell's noncompliance with the statute of limitations constitutes a plain procedural bar, the Court declines to issue a certificate of appealability. 28 U.S.C. § 2253(c); Slack v. McDaniel, 529 U.S. 473, 484 (2000).

### IV.

**IT IS THEREFORE ORDERED** that: (1) respondent's motion to dismiss (Dkt. # 6) is **granted**; (2) the petition for writ of habeas corpus (Dkt. # 1) is **dismissed with prejudice** as barred by the applicable statute of limitations; (3) a certificate of appealability is **denied**; and (4) a separate judgment shall be entered herewith.

**DATED** this 12th day of December, 2024.

CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE